UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. ADKINS,

    Plaintiff,

v.                                          Case No. 2:06-cv-26
                                             HON. GORDON J. QUIST

RUSS JONES,

    Defendant.
_____/

## OPINION AND ORDER MODIFYING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff and defendant. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Plaintiff, a prisoner confined within the protective custody unit at Kinross Correctional Facility, sued Chaplain Russ Jones for denying plaintiff group religious services. Plaintiff asserted equal protection, due process and Fourteenth Amendment claims arising out of defendant's alleged failure to allow plaintiff to practice his Christian religion The Church of God International. The Magistrate Judge issued a Report and Recommendation to dismiss all of plaintiff's claims except for plaintiff's claim under the First Amendment for injunctive relief. The recommendation was based on defendant's assertion that plaintiff was denied group services due to security issues in the protective custody unit. Defendant's objections indicate that plaintiff was not

denied group services for security reasons. Defendant filed an affidavit in support of his objections. In his affidavit defendant explains that since he has been Chaplain there have never been group religious services in protective custody. However, protective custody prisoners could have group service if a minimum of five prisoners of the same religious faith group recognized by the Michigan Department of Corrections made a request for group services. Defendant states in his affidavit that he wanted to make it clear that group services are allowed in the protective custody unit. Plaintiff points out that defendant's claim that protective custody prisoners are allowed group religious services is a change in this case. Prior to the objections, it appeared that defendant prohibited plaintiff from group worship solely because defendant felt that group worship would be a security threat. Defendant explains that he initially thought that plaintiff wanted group worship with the general population prisoners and not just with the protective custody unit prisoners. Nevertheless, defendant argues that the case should be dismissed because not enough protective custody prisoners want group religious services. However, plaintiff has alleged and shown for purposes of opposing summary judgment that there does exist a sufficient number of prisoners in the protective custody unit who want group religious services. Accordingly, plaintiff has established that a question of fact exists on his First Amendment religious claim.

    The Magistrate Judge recommended that defendant was entitled to qualified immunity from damages based upon this court's decision in *Jones v. Stine*, 843 F. Supp. 1186 (W.D. Mich. 1994). In *Jones* the MDOC defendants claimed that it was "not feasible to safely afford group religious service to prisoners in protective segregation." *Id.* at 1194. The court concluded that it was not clearly established law that protective segregation prisoners' rights could be violated by prohibiting them from participating in group religious worship. The court further noted that the

purpose of the restriction was reasonably related to a legitimate penological objective of prisoner safety. Based upon defendant's affidavit, those concerns are not present in this case. Defendant has clearly stated that plaintiff is not prohibited for safety reasons from having group religious services in protective custody. A question of fact exists whether plaintiff was properly denied group religious services or whether the denial of group religious services violated plaintiff's First Amendment rights. Accordingly, defendant is not entitled to qualified immunity on plaintiff's First Amendment claims. However, plaintiff's equal protection and due process claims are properly dismissed. Plaintiff is not entitled to injunctive relief at this time.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is adopted as modified by this opinion. Defendant's motion for summary judgment (Docket #27) is granted in part, dismissing plaintiff's due process and equal protection claims. Plaintiff's motion for summary judgment (Docket #30) and motion for temporary restraining order, show cause order and preliminary injunction (Docket #14) are denied.

Plaintiff has filed a motion for sanctions against defendant and/or his attorney for changing the defense after the Magistrate Judge issued his Report and Recommendation. Defendant describes the change as simply a misunderstanding of plaintiff's original claim. It appears that defendant's newest claim actually benefits plaintiff's case. Sanctions are unwarranted. Plaintiff's motion (Docket #45) is denied.

Dated:  February 1, 2007                                      /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE